PETER C. McMAHON (SBN. 161841)
Email: peter@msllp.com
MCMAHON SEREPCA LLP
985 Industrial Road, Suite 201
San Carlos, CA  94070-4157
Tel:  650-637-0600
Fax:  650-637-0700

Attorneys for Plaintiffs
VOODOO BBQ RESTAURANT GROUP, INC.
VOODOO FRANCHISING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **VOODOO BBQ RESTAURANT GROUP, INC.**, and **VOODOO FRANCHISING, INC.**, <br><br> Plaintiffs, <br><br> v. <br><br> **PUNCHH, INC.**, <br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR:** <br><br> 1. **BREACH OF CONTRACT; AND** <br><br> 2. **VIOLATIONS OF CAL. BUS. & PROF. CODE § 17200** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs VooDoo BBQ Restaurant Group, Inc., and VooDoo Franchising, Inc. (collectively, "Plaintiff" or "VooDoo") allege for their Complaint against defendant Punchh, Inc. ("Defendant" or "Punchh") as follows:

**Introduction**

1. Plaintiff VooDoo is a multi-location restaurant operator and franchisor specializing in New Orleans style barbecue food, with locations in Louisiana, Florida, and Texas. VooDoo brings this Complaint in order to address unfair, abusive and extortionate business practices by Punchh, a provider of technology services to the restaurant industry. Punchh's unfair and deceptive practices, in violation of its contract with VooDoo, have damaged, and threaten to cause irreparable harm to, VooDoo's business including VooDoo's brand name and customer goodwill.

2. In November 2012, VooDoo engaged Punchh to design, develop, and support custom consumer mobile applications for VooDoo to enable customers to participate in VooDoo's rewards and loyalty program. Punchh completed and launched the custom VooDoo mobile apps in 2013. The apps that Punchh built for VooDoo, however, never fully delivered on the features or functionality as promised by Punchh during the sales process.

3. In 2017, VooDoo engaged an alternate provider to design and develop new consumer mobile apps and a new rewards/loyalty program. In January 2018, VooDoo informed Punchh that it would be launching the new mobile apps to replace the Punchh-built mobile apps. VooDoo requested that Punchh transfer control of the exiting apps to VooDoo, so that the new replacement apps could be released as app updates to existing VooDoo customers.

4. Punchh, in violation of its contractual obligations, refused to transfer VooDoo's apps to VooDoo. Instead, Punchh immediately and without notice removed the VooDoo apps from online stores, and ceased supporting the apps for existing users. On January 22, 2018, Punchh demanded that VooDoo pay more than $9,000 in fees that had never been previously disclosed or invoiced to VooDoo, in order to obtain a transfer of the VooDoo mobile apps.

5. VooDoo now brings this action in order to compel Punchh to transfer control of VooDoo's mobile apps pursuant to the 2012 agreement, and to recover damages caused by Punchh's extortionate conduct.

**The Parties**

6. Plaintiffs VooDoo Franchising, Inc. and VooDoo BBQ Restaurant Group, Inc. (collectively "Plaintiff" or "VooDoo") are each a Florida corporation with a principal place of business at 120 E. Main Street, Suite D, Pensacola, FL 32502. VooDoo is the successor in interest to BBQ Boyz, LLC ("BBQ Boyz") by way of an acquisition of substantially all of that entity's assets.

7. Defendant Punchh, Inc. is a Delaware corporation with its principal place of business at 201 San Antonio Cir #250, Mountain View, California, 94040.

**Jurisdiction and Venue**

8. This court has jurisdiction over this action for breach of contract and unfair business practices in violation of California state law under 28 U.S.C. § 1332, because the Parties are residents of different States and the amount in controversy exceeds seventy-five thousand ($75,000.00) dollars.

9. Defendant Punchh is subject to personal jurisdiction in this district and court because Defendant conducts business in and/or conducted a substantial part of its unlawful conduct in this district. Moreover, the Agreement, as alleged below, states that Punchh consents to personal jurisdiction in this district.

10. Venue in this district and court is proper pursuant to 28 U.S.C. § 1391 because Defendant resides in this district pursuant to 28 U.S.C. §1391(c), and because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because a substantial part of property that is the subject of this action is situated in this district. Moreover, the Agreement, as alleged below, states that venue is proper in this district.

**FIRST CLAIM FOR RELIEF**

**Breach of Contract**

11. VooDoo repeats and re-alleges each and every allegation of paragraphs 1-10 above as though set forth fully herein.

12. On or about November 1, 2012, BBQ Boyz entered into a contractual agreement with Punchh, Inc. entitled "*Punchh Subscription and Services Agreement*" (the "Agreement"). The Agreement called for Punchh to design, develop, launch, and support a "Private Label App" designed for the VooDoo BBQ brand. The Agreement is a valid and binding contract, duly executed by authorized representatives of BBQ Boyz and Punch, and supported by adequate consideration.

13. The Agreement states that is shall be "governed by and construed in accordance with the laws of the state of California," and "[a]ny legal action or proceeding arising under this Agreement will be brought exclusively in the federal or state courts located in the Northern District of California, and the parties hereby irrevocably consent to personal jurisdiction and venue therein."

14. The Agreement granted BBQ Boyz, inter alia, a "non-exclusive worldwide, transferable and sublicensable right to: (i) distribute the . . . Private Label App by uploading it to the App Store; (ii) modify, monitor and manage . . . the Private Label App . . . ; and (iii) manage, organize and perform Promotional Programs utilizing the . . . Private Label App." The Agreement further obligated Punchh to "deliver a copy of the Private-Label App" to BBQ Boyz, so that the app could be distributed in accordance with the foregoing license grant.

15. Subsequent to the execution of the Agreement, VooDoo acquired substantially all of the assets of BBQ Boyz. All of BBQ Boyz's rights and obligations under the Agreement transferred to VooDoo, pursuant to the express terms of the Agreement, in connection with said acquisition. Following the acquisition, Punchh continued to provide services under the Agreement to VooDoo.

16. The Agreement remains in full force and effect as a binding contract between VooDoo and Punchh.

17. In or about 2017, VooDoo entered into a contract with another entity to design, develop, launch, and support a new VooDoo BBQ-branded mobile app ("Replacement App"), which app was meant to replace the "Private Label App" developed for VooDoo by Punchh pursuant to the Agreement. Following the completion of the Replacement App, in or about January 2018, VooDoo notified Punchh of its intent to replace the Punchh Private Label App and terminate the Agreement, and requested that Punchh deliver the Private Label App to VooDoo pursuant to the Agreement.

18. Punchh refused VooDoo's request for a transfer of the Private Label App as required by the Agreement. Punchh's refusal to deliver control of the Private Label App to VooDoo as required by the Agreement constitutes a material breach of the Agreement.

19. In or about January 2018, VooDoo notified Punchh that Punchh was in material breach of the Agreement.

20. Punchh responded to VooDoo's notification in January 2018 by demanding that VooDoo pay Punchh nine thousand, one hundred and fifty-four and 25/100 ($9,154.25) dollars in order to obtain a transfer of the Private Label App. The fees demanded by Punchh had never before been disclosed or invoiced to VooDoo.

21. In or about January 2018, Punchh also ceased supporting the VooDoo Private Label App, despite its contractual obligations under the Agreement to do so. Specifically, Punchh removed the VooDoo Private Label App from the iTunes App Store and Google Play Store without authorization by VooDoo. Punchh also ceased supporting the functionality of the Private Label App that enabled consumer users of the Private Label App to earn and redeem rewards and loyalty promotions at VooDoo restaurant locations. Punchh's failure to support the Private Label App constitutes a material breach of the Agreement.

22. VooDoo has been damaged as a result of Punchh's breaches of the Agreement. For example, VooDoo has been required to deliver free goods and services to consumers that have been unable to use the VooDoo Private Label App as expected. VooDoo has lost sales to consumers as a result of the unavailability of the VooDoo Private Label App.

23. Because of Punchh's refusal to deliver control of the VooDoo Private Label App to VooDoo, VooDoo has been unable to launch its Replacement App. Each day that VooDoo is delayed by Punchh in launching its Replacement App results in lost sales and lost revenue to VooDoo.

24. VooDoo has suffered damage to its brand reputation and customer goodwill as a result of Punchh's breaches as described above.

25. The damages incurred to date by VooDoo exceed seventy-five thousand ($75,000.00) dollars.

26. If Punchh does not transfer control of the Private Label App to VooDoo immediately, VooDoo will be irreparably damaged. For example, if VooDoo is forced to launch its Replacement App without first receiving the Private Label App from Punchh, VooDoo will not be able to launch the Replacement App as an update to the Private Label App for existing app users. This means that existing users of the VooDoo Private Label App will need to delete that app and download the new Replacement App as an entirely new app in order to continue to participate in VooDoo's rewards and loyalty programs. If VooDoo is forced to launch the Replacement App as a stand-alone app due to Punchh's breach of the Agreement, VooDoo risks losing thousands of existing customers from its loyalty/rewards program that have already downloaded and used the Private Label App.

///

///

///

## SECOND CLAIM FOR RELIEF

### Violation of Cal. Bus. & Prof. Code § 17200

27. VooDoo repeats and re-alleges each and every allegation of paragraphs 1-26 above as though set forth fully herein.

28. Punchh's unlawful, unfair and/or extortionate acts, conduct and business practices, described in more detail above, constitute unfair practices against VooDoo in violation of California Business & Professions Code §§ 17200 *et seq*.

29. At all relevant times, Punchh was engaged in business within California and elsewhere, including without limitation the business of designing, developing, and hosting consumer mobile applications for restaurant businesses. The acts by Punchh detailed above, including its breach of contract and extortionate demands for payment, were conducted by Punchh representatives in California.

30. As a direct and proximate result of Punchh's unlawful, unfair and/or extortionate acts, conduct and business practices, VooDoo has suffered and will continue to suffer irreparable harm, damage and injury-in-fact and lost money or property.

31. If Punchh's unlawful, unfair and/or extortionate acts are left unchecked, VooDoo will be irreparably harmed and disadvantaged. This loss cannot be remedied solely with an award of monetary damages. VooDoo has no fully complete and adequate remedy at law, and Punchh's conduct has caused and will continue to cause irreparable harm and injury to VooDoo's business, reputation and goodwill unless and until Punchh is enjoined and ordered to transfer the Private Label App to VooDoo pursuant to the Agreement. VooDoo is therefore entitled to an injunction ordering the transfer of the Private Label App, and restitution of all damages caused by Punchh's wrongful acts.

32. VooDoo is informed, believes and based thereon alleges that Punchh's conduct was willful, wanton, malicious and in conscious disregard of VooDoo's rights, justifying an award of punitive and/or exemplary damages in an amount to be proven at trial.

**Prayer for Relief**

**WHEREFORE**, VooDoo prays for judgment against defendant Punchh as follows:

1. A preliminary injunction and a permanent injunction ordering Punchh to transfer control of the VooDoo Private Label App to VooDoo;

2. An award of VooDoo's losses and actual damages in connection with Punchh's conduct;

3. For punitive damages, costs, and attorney's fees; and

4. For such other relief as the Court deems just, equitable, and proper.

Date: February 22, 2018

Peter C. McMahon
MCMAHON SEREPCA LLP

BY:_____/S/*Peter C. McMahon*_____
Peter C. McMahon

Attorneys for Plaintiffs
VOODOO BBQ RESTAURANT GROUP, INC.
VOODOO FRANCHISING, INC.

**<u>Demand for Jury Trial</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Date: February 22, 2018

Peter C. McMahon
MCMAHON SEREPCA LLP

BY:_____/S/*Peter C. McMahon*_____
　　　　　　　　Peter C. McMahon

Attorneys for Plaintiffs
VOODOO BBQ RESTAURANT GROUP, INC.
VOODOO FRANCHISING, INC.